*Law Offices of*
***BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.***
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*Telephone: (602) 274-1100*
*Ty D. Frankel (AZ Bar No. 027179)*
tfrankel@bffb.com

*Law Offices of*
***BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.***
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone: (619) 756-7748*
*Patricia N. Syverson (AZ Bar No. 020191)*
psyverson@bffb.com

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David E. Gebhart, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br>v.<br><br>Fletcher's Tire & Auto Service, Inc., an Arizona Corporation, Gerald Fletcher and Jane Doe Fletcher, husband and wife; Jack Smith and Jane Doe Smith, husband and wife. | Case No. _____<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff David E. Gebhart, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") for his Complaint against Fletcher's Tire & Auto Service, Inc., Gerald Fletcher and Jane Doe Fletcher, and Jack Smith and Jane Doe Smith (collectively referred to as "Fletcher's") alleges as follows:

- 1 -

## I. NATURE OF THE CASE

1. Plaintiff brings this action against Fletcher's for its unlawful failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA") and its unlawful failure to pay wages due in violation of the Arizona Wage Statute, A.R.S. §§ 23-351-353, and 23-355.

2. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties and damages owed to Plaintiff and all others similarly situated. This lawsuit is also brought as a class action under Federal Rule of Civil Procedure 23, to recover unpaid compensation and treble damages resulting from Fletcher's violations of the Arizona Wage Statute. For both collective and class action purposes, the proposed Class consists of:

> All current and former Fletcher's Tire & Auto, Inc. employees who worked as Technicians and were paid a Flat Rate (the "Technicians") during the Liability Period.

3. For at least three (3) years prior to the filing of this action (the "Liability Period"), Fletcher's had and continues to have a consistent policy and practice of suffering or permitting employees who worked as Technicians, including Plaintiff, to work well in excess of forty (40) hours per week, without paying them proper overtime compensation as required by federal and state wage and hour laws. Plaintiff seeks to recover unpaid overtime compensation, including interest thereon, statutory penalties, reasonable attorneys' fees and litigation costs on behalf of himself and all similarly situated current and former Technicians who worked for Fletcher's. Plaintiff and all similarly situated current and former Technicians who may opt-in pursuant to 29 U.S.C. § 216(b) also seek liquidated damages.

4. Plaintiff intends to request the Court authorize notice to all similarly situated persons informing them of the pendency of the action and their right to "opt-into" this

1 lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking overtime compensation
2 and liquidated damages under federal law.

## II. JURISDICTION AND VENUE

4     5.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

6     6.     Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

10     7.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District. Plaintiff was employed by Fletcher's in this District.

## III. PARTIES

14     8.     At all times relevant to the matters alleged herein, Plaintiff David E. Gebhart resided in the State of Arizona in Pinal County.

16     9.     Plaintiff was a full-time, non-exempt employee of Fletcher's from on or around December 2, 2015 until on or around June 25, 2016.

18     10.     During Plaintiff's employment with Fletcher's, he was paid a set wage or flat rate of $23 when he was first employed, and eventually a flat rate of $25. This flat rate compensation system was based on the Mitchell Manual, which sets forth an industry standard number of labor hours it takes to perform a particular repair. Plaintiff was then paid his flat rate for the number of labor hours specified in the Mitchell Manual for each repair he performed, regardless of the number of hours it actually took him to complete the repair.

25     11.     Pursuant to 29 U.S.C. § 216(b), attached to and filed with this Complaint as Exhibit A, is the Consent to Become Party Plaintiff, signed by the above-named Representative Plaintiff, David E. Gebhart, opting him into this lawsuit.

12. Defendant Fletcher's is an Arizona corporation, authorized to do business in Arizona. Fletcher's offers auto repair and service for customers' vehicles.

13. Defendants Gerald Fletcher and Jane Doe Fletcher are husband and wife. They have caused events to take place giving rise to this complaint as to which their marital community is fully liable. Defendant Gerald Fletcher is the President and Chief Executive Officer and Director of Fletcher's. As President, Chief Executive Officer, and Director, Defendant Gerald Fletcher sets employment policies for Fletcher's, including but not limited to the amount and manner of compensation for the company's Technicians. Upon information and belief, Defendant Gerald Fletcher exercises control over Fletcher's operations, with authority to hire and fire employees, determine salaries, and control policies affecting significant aspects of the company's day-to-day functions. The FLSA defines an "employer" as any individual who acts directly or indirectly in the interest of the employer in relation to an employee. Defendant Gerald Fletcher is an employer under the FLSA.

14. Defendants Jack Smith and Jane Doe Smith are husband and wife. They have caused events to take place giving rise to this complaint as to which their marital community is liable. Defendant Jack Smith is the Secretary of Fletcher's. As Secretary, Defendant Jack Smith sets employment policies for Fletcher's, including but not limited to the amount and manner of compensation for the company's Technicians. Upon information and belief, Defendant Jack Smith exercises control over Fletcher's operations, with authority to hire and fire employees, determine salaries, and control policies affecting significant aspects of the company's day-to-day functions. The FLSA defines an "employer" as any individual who acts directly or indirectly in the interest of the employer in relation to an employee. Defendant Jack Smith is an employer under the FLSA.

15. Fletcher's hires Technicians, including Plaintiff, to repair and service customers' vehicles.

16. Plaintiff and Technicians were employees as defined in 29 U.S.C. § 203(e)(1) and were non-exempt employees under 29 U.S.C. § 213(a)(1) and A.R.S. § 23-350(2).

17. At all relevant times, Fletcher's was an employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 350(3).

18. At all relevant times, Fletcher's has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## IV. FACTUAL BACKGROUND

19. Fletcher's is an Arizona corporation in the business of providing auto repair and service.

20. Upon information and belief, Fletcher's employs approximately seventy Technicians at its 35 locations throughout Arizona. Their principal business is to provide auto repair and service for the company's customers.

21. Plaintiff was employed by Fletcher's as a Technician from on or around December 2, 2015 until on or around June 25, 2016.

22. Plaintiff provided service and auto repair on vehicles brought to Fletcher's by the company's customers.

23. During a typical day, Plaintiff would clock-in at the Fletcher's shop around 8:00 a.m. and would first make sure the shop was set up properly and check the equipment he used to service and repair vehicles.

24. Plaintiff would then go to the office to meet with the manager to get the jobs and repair orders he was to complete that day.

25. He would then begin processing the service and repair orders by transporting the first vehicle on his list for diagnosis and inspection.

26.    Once the problem was diagnosed, Plaintiff would then return to his manager for approval regarding the service or repairs he would be conducting on the vehicle at issue.

27.    He would then conduct the service or repair work.

28.    Plaintiff was compensated for the time he spent repairing vehicles. He was often not compensated for the time he spent diagnosing problems or otherwise preparing to conduct the actual labor on the vehicle.

29.    Plaintiff was paid a flat rate of $23 and eventually $25 during his employment. After completing a service or repair, Plaintiff, as a flat rate Technician, was credited with a certain number of "labor hours" according to the Mitchell Manual, which is an industry time guide that assigns labor hours based upon the manufacturer's recommendations. The Mitchell Manual estimates the average time it should take to complete any number of automotive services on a wide variety of makes and models of vehicles.

30.    For example, if the Mitchell Manual designated repair of a carburetor at two labor hours, Plaintiff would be paid his flat rate for each of the labor hours designated by the Mitchell Manual regardless of the time it actually took him to complete the repair.

31.    At the end of the week, Plaintiff's hours based on the Mitchell Manual were totaled and multiplied by his flat rate to determine his weekly compensation.

32.    Plaintiff was not paid a commission. Plaintiff was paid the exact same hourly rate regardless of the amount charged to the customer.

33.    Plaintiff's flat rate compensation has nothing to do with prices. His income is not dependent on the labor costs paid by the customer. There is no proportionality between what Fletcher's charges its customers and what it pays Technicians under the flat rate system.

- 6 -

34. Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular schedule as a Technician, many hours for which he was required to work off the clock.

35. Plaintiff typically worked approximately fifty (50) hours per week during his employment at Fletcher's.

36. During a typical day, Plaintiff would start his work for Fletcher's at around 8:00 a.m. in the morning. He would survey his equipment and check with management to obtain orders. He would then transport vehicles so that he could work on them according to his schedule. He would then typically end his day around 5:30 p.m. in the evening. He typically worked these hours six days a week.

37. Despite having worked numerous hours of overtime, Plaintiff was not paid proper overtime wages at a rate of one and one-half times his regular rate of pay for hours worked over forty in a work week.

38. Fletcher's also failed to timely pay Plaintiff all the wages that he was due in violation of the Arizona Wage Statute.

39. Plaintiff's duties, hours and compensation are indicative of the similarly situated Technicians.

40. Fletcher's improper policies and compensation practices applied to Plaintiff and all similarly situated Technicians he purports to represent.

41. For example, Fletcher's provided its employees, including Plaintiff, with "Flat Rate" Compensation Agreements uniformly applicable to all Technicians governing the compensation practices applicable to them. The documents provide that Technicians shall be paid a designated hourly rate only for the labor hours assigned by industry standard in the Mitchell Manual, and that the hourly rate does not operate like a commission because it does not fluctuate based on the price paid by the customer. In addition, the documents provide that overtime does not apply to Technicians paid the flat rate.

42. All the Technicians are uniformly subject to the same unlawful compensation practices that Plaintiff was subject to during his employment at Fletcher's.

## V. COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings his claim under the FLSA, 29 U.S.C. § 201 *et seq.*, as a collective action. Plaintiff brings this action on behalf of himself and others similarly situated, properly defined as:

> All current and former Fletcher's employees who worked as Technicians and were paid a Flat Rate for Fletcher's during the Liability Period.

44. Fletcher's illegal overtime wage practices were widespread with respect to the proposed Class. The failure to pay proper overtime was not the result of random or isolated individual management decisions or practices.

45. Fletcher's overtime wage practices were routine and consistent. Throughout the Liability Period, employees regularly were not paid the proper overtime wage despite working in excess of forty hours per week.

46. Other Technicians performed the same or similar job duties as Plaintiff. Moreover, these Technicians regularly worked more than forty hours in a workweek. Accordingly, the employees victimized by Fletcher's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

47. Fletcher's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the others employed by Fletcher's.

48. The specific job titles or precise job requirements of the various members of the collective action do not prevent collective treatment. All Fletcher's Technicians, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40). Although the issue of

- 8 -

damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

## VI. CLASS ACTION ALLEGATIONS

49. The state law claims under the Arizona Wage Statute are brought as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3). The Class is defined in paragraph 2 above.

50. Throughout the Liability Period, Fletcher's has employed a large number of Technicians. The Class is therefore so numerous that joinder of all members is impracticable. Members of the Class can readily be identified from business records maintained by Fletcher's.

51. Proof of Fletcher's liability under the Arizona Wage Statute involves factual and legal questions common to the Class. Whether Defendants paid Class members the proper wages due in accordance with A.R.S. §§ 23-351, 23-353, 23-355 is a question common to all Class members.

52. Like Plaintiff, all Class members worked without being paid the statutorily required wages. Plaintiff's claim is therefore typical of the claims of the Class.

53. Plaintiff has no interest antagonistic to those of other Class members and has retained attorneys who are knowledgeable in wage and hour and class action litigation. The interests of Class members are therefore fairly and adequately protected.

54. This action is maintainable as a class action under Rule 23(b)(3) because questions of law or fact common to the Class predominate over any questions affecting only individual members.

55. In addition, a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Arizona Wage Statute recognizes that employees who are denied their wages often lack the ability to enforce their rights against employers with far superior resources. Further, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual

litigation makes it difficult for members of the Class to individually redress the wrongs done to them.

56. Plaintiff's Arizona Wage Statute claim is easily managed as a class action. The issue of liability is common to all Class members. Although the amount of damages may differ by individual, they are objectively ascertainable and can be easily calculated.

## VII. COUNT ONE

**(Failure to Properly Pay Overtime Wages - FLSA - 29 U.S.C. § 207)**

57. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

58. Plaintiff was a non-exempt employee entitled to the statutorily mandated overtime pay according to the FLSA.

59. Fletcher's was an employer pursuant to 29 U.S.C. § 203(d).

60. Fletcher's failed to comply with 29 U.S.C. § 207 because Plaintiff worked for Fletcher's in excess of forty hours per week, but Fletcher's failed to pay Plaintiff for those excess hours at the statutorily required rate of one and one-half times Plaintiff's regular rate of pay as required by the FLSA.

61. Fletcher's failure to pay overtime to Plaintiff was willful. Fletcher's knew Plaintiff was working overtime but failed to properly pay overtime wages. Fletcher's had no reason to believe its failure to pay overtime was not a violation of the FLSA.

62. Plaintiff is entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees.

## VIII. COUNT TWO

**(Failure to Pay Timely Wages Due - Arizona Wage Statute)**

63. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

64. Fletcher's was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

65. Fletcher's was aware that, under A.R.S. §§ 23-351-353, it was obligated to pay all wages due to Plaintiff.

66. Fletcher's failed to timely pay Plaintiff wages he was due without a good faith basis for withholding the wages.

67. Fletcher's has willfully failed and refused to timely pay wages due to Plaintiff. As a result of Fletcher's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## IX. REQUESTED RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated, prays:

A. For the Court to order Fletcher's to file with this Court and furnish to Plaintiffs' counsel a list of the names and addresses of all current and former Technicians for the past three years;

B. For the Court to authorize Plaintiff's counsel to issue notice at the earliest possible time to all current and former Technician for the past three years immediately preceding this action, informing them that this action has been filed and the nature of the action, and of their right to opt-into this lawsuit if they worked hours in excess of forty (40) hours in a week during the Liability Period, but were not paid overtime as required by the FLSA;

C. For the Court to declare and find that Fletcher's committed one or more of the following acts:

    i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff and persons similarly situated who opt-into this action;

    ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

    iii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

- 11 -

1   D.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

   E.   For the Court to award interest on all overtime compensation due accruing from the date such amounts were due;

   F.   For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

   G.   For the Court to award restitution;

   H.   For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

   I.   For the Court to award pre- and post-judgment interest;

   J.   For the Court to award Plaintiff's resulting consequential damages, in an amount to be proven at trial; and

   K.   For such other relief as the Court deems just and proper.

## X. DEMAND FOR JURY TRIAL

68.   Plaintiff, on behalf of himself and all others similarly situated, hereby demands trial of his claims by jury to the extent authorized by law.

DATED:  August 8, 2016.

> BONNETT, FAIRBOURN, FRIEDMAN
> & BALINT, P.C.
>
>   /s/ Ty D. Frankel
> Ty D. Frankel
> 2325 E. Camelback Road, Suite 300
> Phoenix, Arizona 85016
> Telephone:  602-274-1100
> Facsimile:   602-798-5860
>
> BONNETT, FAIRBOURN, FRIEDMAN &
> BALINT, P.C.
> Patricia N. Syverson
> 600 W. Broadway, Suite 900
> San Diego, California 92101
>
> Attorneys for Plaintiff