Kami M. Hoskins (SBN: 026271)
**GORDON & REES**
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003
Telephone: (602) 794-2460
Facsimile: (602) 265-4716
khoskins@gordonrees.com
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David E. Gebhart, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Fletcher's Tire & Auto Service, Inc., an Arizona corporation, Gerald Fletcher and Jane Doe Fletcher, husband and wife, Jack Smith and Jane Doe Smith, husband and wife.<br><br>Defendants. | Case No. 2:16-cv-02675-SPL<br><br>**MOTION TO DISMISS** |

Defendants Fletcher's Tire & Auto Service, Inc. ("Fletcher's"); Gerald Fletcher and Lisa Fletcher; and Jack Smith and Darlene Smith (collectively, "Defendants"), by and through their undersigned counsel, hereby move to dismiss the *Collective Action and Class Action Complaint* (the "Complaint") filed by David Gebhart ("Plaintiff"). Plaintiff alleges a claim for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA") and a claim for unpaid wages under the Arizona Wage Act, A.R.S. § 23-350 *et seq*. Plaintiff also seeks liquidated damages under the FLSA and treble damages under the Arizona Wage Act. Yet, Plaintiff fails to state a claim under either state or federal law.

As set forth below, the Department of Labor (the "DOL") has found and multiple courts have held that "flagged" or "flat" rate compensation systems like Fletcher's compensation system here properly fall within the commission exemption of the FLSA.

1. Consequently, employees like Plaintiff who are compensated under such systems are not entitled to overtime and cannot state a claim under the FLSA. Similarly, having not established he is entitled to overtime payments, Plaintiff cannot state a claim under the Arizona Wage Act. Accordingly, Defendants respectfully request the Court dismiss the Complaint with prejudice as a matter of law. Defendants support the Motion with the attached *Certificate of Conferral Regarding Motion to Dismiss*, the following Memorandum of Points and Authorities, and all matters of record, which are incorporated herein by reference.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.   FACTUAL PROCEDURAL BACKGROUND.**

Fletcher's is a family-owned Arizona corporation. It established its first location in Arizona in 1970, and it now serves Phoenix, Tucson, Payson, and surrounding areas with approximately 35 locations. Fletcher's offers a wide selection of top-selling tires for sale and provides comprehensive automobile repair and maintenance services.

Fletcher's hired Gebhart as an at-will Flat Rate Technician on December 21, 2015. He worked at the Fletcher's store located at 20926 N. John Wayne Parkway, Maricopa, AZ 85239. He earned $23.00 per "flag labor hour". Fletcher's increased Gebhart's compensation to $25.00 per flag labor hour on or about February 1, 2016.

Fletcher's compensated Gebhart through its flagged rate pay system. Under this system, Fletcher's bills customers for a pre-determined amount of "flag labor hours" for each task performed. Those flag labor hours are pre-determined by task in an industry-wide manual. Likewise, Fletcher's compensates its Flat Rate Technicians like Gebhart on commission based on the pre-determined amount of flag labor hours assigned to each task performed for the customer, regardless of how long the technician takes to complete the task. Fletcher's also separately employs certain technicians on an hourly basis. Fletcher's compensates these "hourly" technicians based upon the amount of hours they actually work, not flag labor hours.

Fletcher's ensures that all of its employees, including Flat Rate Technicians, are

1  paid at least minimum wage for all hours worked.  Further under the flagged rate pay
2  system, Flat Rate Technicians are paid at least one and one half times the applicable
3  minimum wage.  Additionally, Flat Rate Technicians must account for all hours worked
4  by punching in and out of the company's payroll system.  It is undisputed that Fletcher's
5  compensated Gebhart for all flag labor hours he performed during the term of his
6  employment with Fletcher's.

7  Approximately six (6) months after hiring him, Fletcher's discovered Gebhart
8  improperly claimed flag labor hours and defrauded the company.  In June 2016,
9  Fletcher's discovered Gebhart delegated jobs to certain hourly technicians to perform,
10 while also claiming for himself the flagged labor hours associated with the task.
11 Accordingly, on June 25, 2016, Fletcher's discharged Gebhart for violating company
12 policy and perpetuating his fraudulent scheme.  Plaintiff subsequently filed the Complaint
13 alleging Fletcher's violated the FLSA and Arizona Wage Act.

14 **II.   LEGAL ARGUMENT.**

15 **A.   Motion to Dismiss Standard.**

16 Plaintiff's Complaint should be dismissed with prejudice because he fails to state a
17 cognizable legal theory in support of his claims. To survive Fletcher's FED. R. CIV. P.
18 12(b)(6) challenge, Plaintiff's Complaint must "raise a right to relief above the
19 speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A
20 complaint must contain sufficient facts to allow the court "to draw reasonable inference
21 that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S.
22 662, 678 (2009). The court may dismiss a claim because it lacks a "cognizable legal
23 theory" or "fails to allege sufficient facts" to sustain a cognizable legal theory. *See*
24 *SmileCare Dental Group v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996).

25 **B.   Plaintiff Cannot State a Claim under the FLSA as a Matter of Law.**

26 Fletcher's flagged labor hour system is a bona fide commission system, and
27 Plaintiff was not entitled to overtime.  Under the FLSA, an employer is required to pay
28 employees one and one half times their regular pay rate for every hour the employees

-3-

work in excess of 40 hours in a workweek. *See* 29 U.S.C. § 207(a)(i). An employer of a retail or service establishment is exempt from paying overtime if: (i) the employee's regular rate of pay exceeds one and one half times the applicable minimum wage; and (ii) more than half of the employee's compensation is in the form of commissions on goods or services. *See* 29 U.S.C. § 207(i).

The central issue before the Court is whether or not more than half of Plaintiff's compensation was in the form of commissions on goods or services thereby exempting Fletcher's from paying him overtime. In the Complaint, Plaintiff does not dispute that Fletcher's is a retail or service establishment. *See* C.F.R. §§ 779.313-.324. He also does not dispute that Plaintiff's regular rate of pay ($23.00 and $25.00) exceeded $12.08, which is one and one half times the applicable minimum wage of $8.05. Instead, Plaintiff appears to dispute his wages constituted commissions on goods or services under Section 207(i) of the FLSA.

Neither the FLSA nor its regulations define the term "commissions." *See* 29 C.F.R. § 778.117; *see also* 29 C.F.R. § 779.410 *et seq.*; *Yi v. Sterling Collision Ctrs., Inc.*, 480 F.3d 505, 508 (7th Cir. 2007); *Herrera v. TBC Corp.*, 18 F. Supp. 3d 739, 746 (E.D. Va. 2014). To define commissions under the FLSA, some courts have required a measure of proportionality between the labor hour credit given to the employee and the labor costs billed to the customer. *See Herrera, e.g.*, 18 F. Supp. 3d at 746-47. No court, however, has required strict proportionality between labor hours and billed labor costs. *See id.* at 744.

Where a regulation relating to a federal statute is ambiguous, an agency's interpretation of its own regulation is entitled to deference. *See Auer v. Robbins*, 519 U.S. 452, 461, 117 S.Ct. 905 (1997) (agency's interpretation of its own regulation is "controlling unless erroneous or inconsistent with the regulation"); *see also Christensen v. Harris County*, 529 U.S. 576, 120 S.Ct. 1655 (2000); *Solis v. Wash.*, 656 F.3d 1079, 1085 (9th Cir. 2011) (applying *Auer* deference to DOL Opinion Letters). Since neither the FLSA nor its regulations define commissions, the regulations governing the FLSA

commission exemption are inherently ambiguous, and the DOL's interpretation of the commission exemption is controlling.

The DOL long has concluded that a flagged labor hour system like Fletcher's meets the commission-exemption requirements under Section 207(i) of the FLSA. *See* Dep't of Labor Op. Ltr., 1988 DOLWH Lexis 84 (May 24, 1988); *see also* Dep't of Labor Op. Ltr., FLSA2006-15NA (June 29, 2006). In a 1988 Opinion Letter, the DOL opined regarding mechanics compensated "on the basis of a time standard called 'flag time' for each service performed." *See* 1988 DOLWH LEXIS 84. In that letter, the DOL described the employer's pay system as follows:

> The "flag time" may be more or less than the actual clock time. Each mechanic will receive an assigned "flag rate" per hour which is based upon the mechanic's level of skill and the geographic location of the establishment. At the end of the workweek, "flag time" hours will be multiplied by the "flag rate" to determine wages earned.

*See id.* The DOL concluded, "the pay plan described … meets the requirements of section 7(i) of FLSA." *See id.*

The DOL reiterated its position in its June 29, 2006 Opinion Letter, which involved an employer pay plan remarkably similar to the one at issue in this case. *See* FLSA2006-15NA (June 29, 2006). In that opinion, the DOL analyzed whether or not the employer's pay plan met the commission exemption under the FLSA. *See id.* The employer compensated detailers and painters based on how many vehicles they serviced each week and the "flag hours" assigned to the vehicle. *See id.* In its opinion, the DOL stated a commission "usually denotes a percentage of the amounts paid out or received." *Id.* The DOL continued, however, that "commissions also can be based on the value of the service that is ultimately reflected in the price of the finished item." *Id.* (citing to the DOL's Wage and Hour Field Operations Handbook § 21h04(d)). The DOL concluded the pay plan represented "commissions on goods or services" and met all of the requirements of Section 207(i). *See id.*

In reaching its conclusion, the DOL relied heavily on Section 21h04(d) of the

Wage and Hour Field Operations Handbook ("FOH"), which specifically addresses flag rate compensation plans for the automobile service industry. Section 21h04(d) states:

> Some auto service garages and car dealerships compensate mechanics and painters on the following basis: the painter or mechanic gets so much a flat rate hour for the work he or she performs. A "flat rate" hour is not an actual clock hour. The painter or mechanic may work only 7, 8, or 9 hours a day and still receive credit for 10, 11, or 12, etc., flat rate hours depending upon how much work he or she has done. Each job is assigned a certain number of hours for which the customer is charged, regardless of the actual time it takes to perform the job. The employee is given a certain proportion of that charge expressed in terms of so many dollars and cents per flat rate hour rather than in terms of a percentage of the charge to the customer. The dealer does not change the employee's share per flat rate hour if the charge to the customer is changed. <u>In such situations the WHD will not deny that such payments represent commissions on goods or services for purposes of section 7(i) (*see* 29 CFR § 778.117 and 29 CFR § 779.413(b)). Such employment will qualify for exemption under section 7(i) provided all the other tests of the exemption are met</u>.

*See* FOH § 21h04(d) (emphasis added).

Significantly, the DOL expressly found proportionality between the employee's commission and the customer's charge. *See id*. The DOL established proportionality based on the flag hour rate paid to the employee as a portion of the costs passed on to the customer. *See id*. Under this system, the faster a technician works, the more he or she earns per hour. The flag rate system provides technicians with an incentive to work quickly while earning compensation that exceeds minimum wage. *See Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1256 (11th Cir. 2001). As at least one court has recognized, "[t]hat is how commissions work; they are decoupled from actual time worked." *See Yi*, 480 F.3d at 509.

In addition to the DOL's long-established guidance, multiple courts have held that flagged labor hour systems like Fletcher's qualify for the FLSA's commission exemption. *See Klinedinst*, 260 F.3d at 1256; *see also Yi*, 480 F.3d at 506; *Herrera*, 18 F.Supp. 3d at 743; *Whitt v. Ziegler Tire & Supply Co*., 2015 U.S. Dist. LEXIS 103792, Case No. 5:14CV886, *7 (N.D. Ohio, Aug. 7, 2015). Indeed, of the Circuit Courts to consider the issue, the majority have held flagged labor hour systems meet the commission exemption

requirements. *See Klinedinst*, 260 F.3d at 1256; *see also Yi*, 480 F.3d at 506.

The employers in each of the cases utilized flag rate or "flat rate" compensation systems to pay automobile mechanics for mechanical work. In each case, the trial court held the compensation system complied with Section 207(i) and the plaintiff was not entitled to overtime. *See Klinedinst*, 260 F.3d at 1256 (affirming employer's compensation system constitutes a bona fide commission system under Section 207(i)); *see also Yi*, 480 F.3d at 511 (affirming summary judgment in favor of employer); *Herrera*, 18 F.Supp. 3d at 743 (granting summary judgment in favor of defendant in putative collection action case); *Whitt*, 2015 U.S. Dist. LEXIS 103792 at *18 (granting summary judgment in favor of defendant and denying plaintiff's summary judgment motion).

Whether or not the DOL's June 29, 2006 Opinion Letters is entitled to *Auer* deference appears to be an issue of first impression for the Ninth Circuit. In fact, the Ninth Circuit has neither defined "commissions" under the FLSA nor analyzed the application of the commission exemption to a flagged labor hour system.

As the DOL, Seventh Circuit, Eleventh Circuit, and multiple other courts recognize, however, the automobile repair industry has relied on the flag rate compensation system for many years to pay flat-rate employees without admonition from the DOL. *See Yi*, 480 F.3d at 510-11. The Seventh Circuit aptly stated:

> It is possible for an entire industry to be in violation of the Fair Labor Standards Act for a long time without the Department of Labor noticing. But a more plausible hypothesis is that the auto repair industry has been left alone because the character of its compensation system has been recognized for what it is – a bona fide commission system.

*See id*.

Like the near entirety of the automotive repair industry, Fletcher's also has relied on the DOL's well-established guidance in developing and implementing its flagged rate pay system at issue in this case. In fact, Fletcher's meets all of the requirements of Section 207(i) of the FLSA. Plaintiff's regular pay rate exceeded one and one half times

1 the applicable minimum wage, and his pay consisted of commissions received as a Flat
2 Rate Technician through Fletcher's flagged labor hour system.  Accordingly, Plaintiff
3 was not entitled to overtime, and the Court should dismiss his FLSA claim with prejudice
4 as a matter of law.

### C. Plaintiff Is Not Entitled to Liquidated Damages.

Fletcher's relied in good faith on the DOL's interpretations of the FLSA's commission exemption in implementing its flagged labor hour system, and Defendants are immunized from liability for liquidated damages.  Under the FLSA, if an employer acts in good faith and has reasonable grounds for believing its act or omission was not a violation of the FLSA, it may avoid liquidated damages.  *See* 29 U.S.C. § 260.  Courts have denied plaintiffs liquidated damages and held that an employer acts in good faith when it relies on DOL representations or decisions that the employer's conduct does not violate the FLSA.  *See Steele v. Leasing Enters.*, 826 F.3d 237, 247 (5th Cir. 2006) (affirming district court's denial of liquidated damages); *see also Nelson v. Ala. Inst. for Deaf & Blind*, 896 F. Supp. 1108, 1115 (N.D. Ala. 1995) (even mistaken interpretation of DOL Opinion Letter sufficient to avoid liquidated damages); *Miller v. Kan. Power & Light Co.*, 585 F.Supp. 1509, 1515 (D. Kan. 1984); *Martinez v. Phillips, Petroleum Co.*, 283 F. Supp. 514, 529 (D. Idaho 1968).

Here, Plaintiff seeks an award of liquidated damages, but he is not entitled to such an award.  Fletcher's flagged labor hour system is remarkably similar to the system described in the DOL's June 29, 2006 Opinion Letter.  Indeed, Fletcher's modeled its system after the system described in the Opinion Letter, and that system complies with the FLSA's commission exemption.  Even if the Court were to conclude Fletcher's somehow violated the FLSA, Fletcher's acted in good faith and with reasonable grounds that it did not violate the FLSA by relying on the Opinion Letter.  Consequently, Plaintiff is not entitled to liquidated damages under the FLSA.

### D. Plaintiff's Arizona Wage Act Claim Also Fails as a Matter of Law.

Plaintiff alleges Fletcher's violated the Arizona Wage Act, A.R.S. § 23-350, *et*

*seq.* for failing to pay Plaintiff's wages. Plaintiff does not articulate any specific legal theory under the Arizona Wage Act, but instead appears to premise the claim entirely on his erroneous allegations of unpaid overtime under the FLSA. Since Plaintiff cannot state a claim for unpaid overtime under the FLSA, and he has not alleged any other violation of the Arizona Wage Act, he has not stated a viable claim under Arizona Wage Act. Therefore, the Court should dismiss the claim with prejudice as a matter of law.

### E. Plaintiff Is Not Entitled to Treble Damages under Arizona Law.

For the same reasons Plaintiff is not entitled to liquidated damages under the FLSA, he is also not entitled to treble damages under state law. The Arizona Wage Act provides that in certain circumstances, an employee may recover in a civil action against an employer or former employer treble the amount of unpaid wages. *See* A.R.S. § 23-353(A). It is well established under Arizona law that this treble damages provision is a "punitive measure" that is only warranted if the employer acts unreasonably or in bad faith. *See Crum v. Maricopa County*, 190 Ariz. 512, 516, 950 P.2d 171 (App. 1997).

As discussed above, Fletcher's relied on the DOL's interpretations of the commission exemption under Section 207(i) of the FLSA. This reliance was both reasonable and in good faith. Therefore, Plaintiff is not entitled to an award of treble damages under the Arizona Wage Act.

### III. CONCLUSION.

WHEREFORE, Defendants respectfully request the Court enter an Order: (i) dismissing the Complaint in its entirety with prejudice; and (ii) granting Defendants such other and further relief as is just and proper under the facts and circumstances.

RESPECTFULLY SUBMITTED this 28th day of September, 2016.

GORDON & REES


By: /s/ Kami M. Hoskins            .
    Kami M. Hoskins
    *Attorneys for Defendants*

Kami M. Hoskins  (SBN: 026271)
**GORDON & REES**
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003
Telephone:  (602) 794-2460
Facsimile:  (602) 265-4716
khoskins@gordonrees.com
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David E. Gebhart, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Fletcher's Tire & Auto Service, Inc., an Arizona corporation, Gerald Fletcher and Jane Doe Fletcher, husband and wife, Jack Smith and Jane Doe Smith, husband and wife.<br><br>Defendants. | Case No.  2:16-cv-02675-SPL<br><br>**CERTIFICATE OF CONFERRAL REGARDING MOTION TO DISMISS** |

Pursuant to the Court's *Preliminary Order* [Doc. #9], the parties met and conferred on September 26, 2016 to determine whether or not an amendment could cure a deficient pleading and regarding Defendants' intention to file their *Motion to Dismiss*. Nevertheless, the parties were unable to agree that an amendment could cure a deficient pleading.

RESPECTFULLY SUBMITTED this 28th day of September, 2016.

GORDON & REES


By: /s/ Kami M. Hoskins              .
Kami M. Hoskins
*Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ty D. Frankel, Esq.
BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
2325 E. Camelback Rd., Ste. 300
Phoenix, AZ 85016
tfrankel@bffb.com

and

Patricia Syverson, Esq.
BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
600 W. Broadway, Ste. 900
San Diego, CA 92101
psyverson@bffb.com
*Attorneys for Plaintiff David E. Gebhart*

/s/ Kimberley Davison

1125638/29773214v.2