1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                              FOR THE DISTRICT OF ARIZONA

8    David E. Gebhart, on behalf of himself    )    No.  CV-16-02675-PHX-SPL
9    and all those similarly situated,         )
                                               )
10                     Plaintiff,              )    **ORDER**
                                               )
11   vs.                                        )
                                               )
12   Fletcher's Tire & Auto Service Inc., et al., )
                                               )
13                     Defendants.             )
                                               )
14                                              )
                                               )

15

16          Before the Court is Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the

17   Federal Rules of Civil Procedure. (Doc. 17.) The motion is fully briefed, and as follows,

18   will be granted.

19   **I.      Background**

20          From approximately December 2015 through June 2016, Plaintiff David E.

21   Gebhart was employed as a technician at Fletcher's Tire & Auto Service, an auto repair

22   and service business. (Doc. 1 ¶¶ 9, 20.) During that time, Gebhart and other Fletcher

23   technicians were compensated under a flat rate system. Under that system each task

24   performed, such as a service or repair, was allotted a certain number of "labor hours"

25   according to the Mitchell Manual, an industry guide that estimates the average time to

26   complete automotive services by vehicle make and model. Each week, Gebhart was paid

27   the total number of labor hours assigned for the services he completed at a flat hourly

28   rate. Gebhart was paid for the total number of labor hours irrespective of the time it

1
2
3
4
actually took him to complete the services or the amount that was charged to customers for those services. (Id. ¶¶ 10, 29-33.) While employed by Fletcher's, Gebhart was paid a flat hourly rate of $23 per labor hour, which was later raised to $25 per labor hour. (Id. ¶ 29.)

5
6
7
8
9
10
11
12
   On August 6, 2016, Gebhart, on behalf of himself and "[a]ll current and former Fletcher's Tire & Auto, Inc. employees who worked as Technicians and were paid a Flat Rate" (Doc. 1 ¶ 3),[1] filed a collective action and class action complaint against Fletcher's Tire & Auto Service, Inc., Gerald and Jane Doe Fletcher, and Jack and Jane Doe Smith. Gebhart alleges that he was not paid overtime wages for the hours he worked in excess of forty in a work week, and brings claims for unpaid overtime wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and for untimely payment of those wages under the Arizona Wage Act, Ariz. Rev. Stat. § 23-350 *et seq*. (Doc. 1.)

13
**II.     Legal Standard**

14
15
16
17
18
19
20
21
22
23
24
25
26
   A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Moss v. United States Secret Service*, 675 F.3d 1213, 1228 (9th Cir. 2012). Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Thus, dismissal is appropriate when the allegations do not support "a cognizable legal theory," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), such that "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S.

27
28
---
[1]    Gebhart defines the collective and class as "[a]ll current and former Fletcher's Tire & Auto, Inc. employees who worked as Technicians and were paid a Flat Rate (the "Technicians") during the Liability Period." (Doc. 1 ¶ 3.)

2

1   69, 73 (1984).

2   **III.   Discussion**

3          "The FLSA requires that employers pay overtime compensation for all hours

4   worked in excess of forty hours in a week unless a particular exemption applies." *Solis v.*

5   *Washington*, 656 F.3d 1079, 1083 (9th Cir. 2011) (citing 29 U.S.C. § 207(a)(1)).[2] An

6   employer who claims an exemption from paying overtime wages under the FLSA bears

7   the burden of demonstrating that the exemption applies to the particular employee, or

8   category of employees. *Gieg v. DDR, Inc.*, 407 F.3d 1038, 1046 (9th Cir. 2005); *Klem v.*

9   *Cnty. of Santa Clara,* 208 F.3d 1085, 1089 (9th Cir. 2000).

10          Defendants move to dismiss the complaint on the basis that Gebhart and other

11  similarly situated employees are exempt under 29 U.S.C. § 207(i), and are therefore not

12  entitled to FLSA overtime pay as a matter of law. Under § 207(i), an employee is exempt

13  from FLSA overtime pay if three conditions are met: (1) the employer is "a retail or

14  service establishment"; (2) the employee's regular rate of pay is more than one and one-

15  half times the minimum wage; and (3) more than half of the employee's total

16  compensation for a given pay period represents "commissions on the sale of goods or

17  services." 29 U.S.C. § 207(i).

18          Neither the FLSA nor the Department of Labor ("DOL") regulations define the

19  term "commissions." *See Id.*; 29 C.F.R. §§ 779.410 - 779.421; *Parker v. NutriSystem,*

20  *Inc.*, 620 F.3d 274, 278 (3rd Cir. 2010). Rather, DOL regulations offer only examples of

21  what a "bona fide commission rate" is not. *See* 29 C.F.R. § 779.416(c). Where controlling

22  authority is absent, courts may look to an agency's interpretation of its own ambiguous

23  regulation, which is accorded deference unless "the agency's interpretation is 'plainly

24

25  [2]     "The Arizona Wage Act does not contain a provision requiring payment of
    overtime for hours in excess of forty, but the Act does require that employees receive
26  their 'wages' in a timely fashion. A.R.S. §§ 23-351 *et seq*. If Defendant[s] owed Plaintiff
    overtime wages under the FLSA, then [Plaintiff] did not receive those 'wages' in the time
27  required by the Arizona Wage Act. The Arizona Wage Act provides for treble damages,
    A.R.S. § 23-355, while the FLSA allows double damages, 29 U.S.C. § 216(b)." *Rose v.*
28  *Wildflower Bread Co.*, No. CV09-1348-PHX-JAT, 2011 WL 196842, at *1 (D.Ariz. Jan.
    20, 2011).

1   erroneous or inconsistent with the regulation' or "when there is reason to suspect that the

2   agency's interpretation 'does not reflect the agency's fair and considered judgment on the

3   matter in question.'" *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 155

4   (2012) (quoting *Auer v. Robbins*, 519 U.S. 452, 461-62 (1997)). *See also Marsh v. J.*

5   *Alexander's LLC,* 869 F.3d 1108, 1116 (9th Cir. 2017). Here, finding that neither the

6   statute nor its corresponding regulations offer sufficient guidance as to the definition of

7   "commission," and in the absence of controlling authority, the Court finds that the DOL's

8   interpretations of its regulations, as set forth in the Wage and Hour Field Operations

9   Handbook and Opinion Letters, are entitled to deference.

10          Turning to allegations in the complaint, which are accepted as true and viewed in

11   the light most favorable to Gebhart and other similarly situated Fletcher employees,[3] the

12   Court finds that the flat rate compensation structure at issue plainly fits within the service

13   commission exemption. *See Solis v. Wash.*, 656 F.3d 1079, 1083 (9th Cir. 2011). All

14   indicators of a service commission form of compensation are present. The parties do not

15   dispute that Fletcher's is a service establishment; that Fletcher technician pay was more

16   than one and half times the minimum wage during the relevant period;[4] or that all the

17   wages that were paid during the relevant period were made under the flat rate system.

18   The flat rate compensation structure at issue here is indistinguishable from the DOL's

19   example pay structure of an auto service garage mechanic which represents commissions

20   on services for purposes of § 207(i). Gebhart was paid "a flat rate hour for the work he…

21   perform[ed]," as compared to "an actual clock hour," and "the amount of the payment

22   appears to be related to the value of the service performed." Dep't of Labor Op. Ltr.,

23   FLSA2006-15NA, 2006 WL 4512957 (Jun. 29, 2006); *see also* DOL Wage and Hour

24   Field Operations Handbook (FOH) § 21h04(b), Rev. 687 (Apr. 20, 2016) ("The term

---

25   [3]      The complaint states that Gebhart's "duties, hours and compensation are indicative
26   of the similarly situated Technicians" (Doc. 1 ¶ 39), and "[a]ll the Technicians are
     uniformly subject to the same unlawful compensation practices that [he] was subject to
27   during his employment at Fletcher's" (id. ¶ 42).

28   [4]      In 2015 and 2016, the federal minimum wage was $7.25 per hour, *see* 29 U.S.C. §
     206, and the Arizona minimum wage was $8.05 per hour.

4

'commissions o[n] services' includes commissions measured by value as well as by sale of services and the value of such services is ultimately reflected in the price of the used cars worked on."). Gebhart was paid a flat hourly rate for labor hours which were calculated based on the specific services that were completed and the type of vehicles worked on; his compensation directly corresponded to the value of the service he performed for a customer, which was ultimately reflected in the value of vehicles serviced.

Based on the undisputed facts, the Court finds that Defendants have carried their burden to show that Gebhart and other similarly situated employees paid under the flat rate system are exempt from overtime compensation under § 207(i). Therefore, the complaint fails to state a claim for overtime wages under the FLSA as a matter of law. For the same reason, the claim for failure to *timely* pay overtime wages in violation of the Arizona Wage Act also fails as a matter of law. Finding this deficiency cannot be cured by the addition of discoverable facts consistent with the allegations in the complaint, further development of the record is not warranted and the complaint will be dismissed. *See U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (a motion to dismiss under Rule 12(b)(6) may be granted based upon an affirmative defense where the 'defense raises no disputed issues of fact.'). Accordingly,

**IT IS ORDERED**:

1. That the Motion to Dismiss (Doc. 17) is **granted**;

2. That this action is dismissed in its entirety; and

3. That the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 31st day of January, 2018.

Honorable Steven P. Logan
United States District Judge

5